UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA RUBINO,

    Plaintiff,

v.                                  Case No: 8:20-cv-1292-CEH-SPF

ASAP LAB, LLC, HENRY ROJAS, KATHERINE CASTRO, MD HEALTH PROVIDERS INC., ASAP LAB HOLDINGS, LLC, TIMOTHY BUCKMAN and LARRY WALDMAN,

    Defendants.
_____

## ORDER

This matter comes before the Court on Defendant Timothy Buckman's Unopposed Motion to Stay (Doc. 68), in which he asks the Court to stay this *qui tam* action due to an ongoing criminal investigation into the same alleged conduct.

Upon review and consideration, and being fully advised in the premises, the Court will grant the Motion to Stay.

## BACKGROUND

Relator Linda Rubino filed a qui tam action under the False Claims Act in June 2020. Doc. 1. The Amended Complaint, filed in September 2023, alleges that Defendant ASAP Labs, Inc., in connection with the other defendants, filed fraudulent claims for funding through Medicare and Medicaid for purported COVID-19 testing at senior living centers. Doc. 30. Defendant Timothy Buckman is alleged to be the

manager for ASAP Holdings, LLC, while Defendant Larry Waldman is alleged to have served as a liaison between ASAP and senior living centers. *Id.* ¶¶ 12, 13.

On January 31, 2024, the Government provided notice that it would not intervene. Doc. 38.  The Government noted that its investigation into the Relator's allegations was ongoing and it had not yet made a final decision regarding intervention, and asked to remain advised of events in the action. *Id.*  Upon receiving the notice of non-intervention, the Court ordered the Amended Complaint to be unsealed and directed Relator to effect service on Defendants. Doc. 39.

Buckman now moves to stay the action. Doc. 68.  He explains that he learned a criminal investigation relating to the same alleged conduct is occurring within the United States Attorney's Office for the Middle District of Florida. *Id.* at 3.  He is cooperating fully with the investigation. *Id.*  Buckman emphasizes that the civil and criminal proceedings allege the same wrongful conduct, in which he is alleged to be a central figure, and argues that his Fifth Amendment right against self-incrimination is implicated. *Id.* at 4-5.  Because he is the only witness who could testify about his own knowledge and intent in defense against the allegations in the civil case, he could be forced to choose between the risk of judgment in the civil case and irreparable harm to his criminal defense. *Id.* at 5-8.  In addition, Buckman cites the possibility of a global resolution and argues that a stay would benefit the public and judicial economy. *Id.* at 8-9.  He notes that neither Plaintiff's counsel nor counsel for all co-defendants oppose the relief he requests. *Id.* at 10.  In addition, the Government has indicated it does not object to a stay. *See* Docs. 71, 72.

2

Separately, Defendant Larry Waldman filed a motion to dismiss for failure to state a claim (Doc. 66) and a motion to stay discovery pending the resolution of the motion to dismiss (Doc. 67). Rubino then moved to extend her time to respond to the motion to dismiss and to stay discovery until the resolution of Buckman's motion to stay (Doc. 69). She explained that Waldman was indicted for the same alleged conduct set forth in the Amended Complaint on June 25, 2024. *Id.*; *see also* Doc. 69-1; Doc. 70.

## DISCUSSION

In general, the district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When the court exercises its discretion to issue a stay pending the resolution of related proceedings, it must properly limit the scope of the stay to ensure it is not indefinite in duration. *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citations omitted).

On the other hand, the court must stay a civil proceeding during the pendency of a related criminal proceeding if "special circumstances so require in the interest of justice." *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). The relevant question is whether the invocation of the Fifth Amendment privilege against self-incrimination would "compel an adverse judgment against the claimant." *Id.* (citation omitted).

Buckman argues that the invocation of his Fifth Amendment rights would "likely" compel an adverse judgment against him, because he is the only witness who

3

could testify as to his own knowledge and intent in defense of Rubino's allegations. Doc. 68 at 5-6.  Without more, the Court is not persuaded that the Constitution requires a stay of this action, particularly with respect to Buckman, who has not been indicted.  Nonetheless, it will exercise its broad discretion to issue a stay because it agrees that the pendency of the criminal proceedings creates a substantial risk to both Buckman and Waldman of a conflict between the exercise of their Fifth Amendment rights and a successful outcome in this case. *See*, *e.g.*, *Coney v. Anderson*, No. 8:22-CV-64-CEH-AAS, 2022 WL 419896, *2 (M.D. Fla. Feb. 9, 2022) (concluding stay was appropriate, even though not required, due to considerable overlap between issues in civil and criminal case); *State Farm Mut. Auto. Ins. Co. v. Felinger*, No. 1:17-CV-21737-UU, 2017 WL 5953299, *2 (S.D. Fla. Nov. 20, 2017) (issuing a stay of civil case in the interests of justice where defendants were indicted in parallel criminal case, implicating their Fifth Amendment rights).  Moreover, no party has identified any prejudice from the issuance of a stay—indeed, the motion is unopposed—and a stay will further judicial efficiency and economy.  Accordingly, Buckman's motion to stay is due to be granted.

However, given the early stage of the criminal proceedings, the Court must ensure that the stay is not indefinite in scope. *See Ortega Trujillo*, 221 F.3d at 1264.  It will therefore stay this action for an initial period of six months.  After that period, the parties may provide an update about the status of the criminal proceedings and request an extension of the stay, if necessary.  Should the criminal proceedings against

Buckman and Waldman conclude before the six-month period has expired, or the civil action resolve, the parties must file a notice within ten days of either event.

Accordingly, it is **ORDERED**:

1. Defendant Timothy Buckman's Unopposed Motion to Stay (Doc. 68) is **GRANTED**.

2. This action is **STAYED** for a period of six months or the resolution of the criminal proceedings against Buckman and Waldman, whichever is sooner. The parties may move for an extension of the stay, if necessary, or move to lift the stay at any time. While the stay is in effect, the parties shall file a notice informing the Court that the criminal proceedings have concluded, or that the civil action has otherwise been resolved, within ten days of either of such event.

3. Relator Linda Rubino's Motion for Extension of Time to Respond to Defendant Waldman's Motion to Dismiss and Motion for Stay of Discovery (Doc. 69) is **DENIED as moot**.

4. The Clerk is directed to terminate all other pending motions and **administratively CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties